UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MICHAEL L. ARNOLD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:15CV62 SNLJ |
|  | ) |  |
| CORIZON, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no.68237), an inmate at Southeast Correctional Center ("SECC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.03. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $10.17, and an average monthly balance of $0. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at Southeastern Correctional Center ("SECC"), seeks monetary relief in this 42 U.S.C. § 1983 action against: George Lombardi (Director, MDOC); Ian Wallace

(Warden); Corizon, Inc.; Paul Jones (Doctor); Michael Hakala (Doctor); Dana Nix Degen[1] (Nurse); Larry Roussin (Nurse)[2]; and "Pat Does 1-3".

Plaintiff's allegations arise out of medical problems that occurred from January through May of 2013 at SECC. Plaintiff states that during this time period he suffered greatly through complications from kidney stones and kidney infections that were ignored, delayed in treatment, and in some circumstances deliberately untreated, in violation of plaintiff's serious medical needs under the Eighth Amendment. Plaintiff also alleges he was subjected to cruel and unusual punishment by the individual defendants Paul Jones, Michael Hakala Dana Nix Degen, and Larry Roussin. These defendants were employed by Corizon, Inc. He brings his lawsuit against them in their individual capacities.

Plaintiff is suing defendant Corizon, Inc. in its official and individual capacity. Plaintiff is suing defendants Wallace and Lombardi in their official capacities, asserting generally that they are part of a "policy, practice or custom of deliberate indifference to the serious medical needs of inmates of denying or delaying medical treatment and failing to administer vital medications."

This is the second time plaintiff has brought these allegations against defendants. *See Arnold v. Corizon, Inc.,* Case No. 1:13CV121 SNLJ (E.D.Mo. 2014). In that case, plaintiff's complaint was dismissed for failure to exhaust his administrative remedies on November 26, 2014. *Id.* In the body of the instant complaint, plaintiff states that he has since exhausted his administrative remedies against the defendants named in the present complaint, and that the matter is ready to be brought before this Court. Because failure to exhaust in a timely manner is

---

[1] Defendant Nix Degen was not named in the caption of the complaint. However, plaintiff has made specific allegations against defendant Nix Degen in the body of his complaint. The Court will order the Clerk to add defendant Nix Degen's name to the docket.

[2] Defendant Larry Roussin was not named in the caption of the complaint. However, plaintiff has made specific allegations against defendant Roussin in the body of his complaint. The Court will order the Clerk to add defendant Roussin's name to the docket.

an affirmative defense that can only be argued by defendants, *see Jones v. Bock*, 549 U.S. 199 (2007), the Court can only review plaintiff's complaint for other issues at this time. *See* 28 U.S.C. § 1915.

## Discussion

After reviewing the complaint, the Court believes plaintiff's claims against defendants Paul Jones, Michael Hakala, Dana Nix Degen, and Larry Roussin, in their individual capacities, survive initial review under 28 U.S.C. § 1915 and will order the Clerk to issue process or cause process to be issued on the complaint as to these defendants.

Plaintiff's claims against Corizon, Inc., defendants Wallace[3], Lombardi, and Pat Roes 1-3, however, will be dismissed for the following reasons.

Plaintiff's conclusory claims that defendants Corizon, Inc. and Wallace and Lombardi have acted according to some unspecified policies or customs are simply not enough to state official capacity claims against these defendants. The 8th Circuit has declared that a "policy" and a "custom" are not synonymous. A "policy" is an official policy, a deliberate choice of a guiding principal or procedure made by the municipal official who has final authority regarding such matters. A "custom" is a persistent widespread pattern of unconstitutional conduct of which officials have notice and subsequently react with deliberate indifference or tacit authorization. *Mettler v Whitledge,* 165 F.3d 1197, 1204 (8th Cir. 1999).

The elements of a cause of action pursued under the "custom" theory are: 1) the existence of a continuing wide spread persistent pattern of unconstitutional misconduct by the governmental entities employees, 2) deliberate indifference to or tacit authorization of such conduct by the governmental entities policy making officials after notice to the officials of that

---

[3] Naming a government official, such as defendants Wallace and Lombardi, in his official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

misconduct; and, 3) the plaintiff's injury by acts pursuant to the governmental entities custom, *i.e.* proof that the custom was the moving force behind the constitutional violation. *Id.*

All of the specific allegations found in plaintiff's complaint involve isolated actions by individual actors. None of the allegations in plaintiff's complaint allege that any policies promulgated by the Missouri Department of Corrections or Corizon, Inc. injured him in any way. For these reasons plaintiff has not shown any causal relationship between Corizon, Inc. or the Missouri Department of Corrections and his alleged injuries, and thus neither Corizon, Inc. nor defendants Wallace or Lombardi are a proper party to this lawsuit. These parties will therefore be dismissed pursuant to 28 U.S.C. § 1915.

The Court will next turn to the "Pat Roes 1-3." Plaintiff claims that defendant "Pat Roes 1-3" are "individuals who, at all times relevant to the allegations herein, were employees and/or independent contractors to Corizon who were responsible for administering medication to plaintiff." Plaintiff has not stated on which dates these persons allegedly "administered medication to him," or how such administration of medication resulted in a constitutional violation.

The Court notes that, in general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States,* 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery or if the allegations reasonably allege a violation of the constitution. *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "Pat Roes 1-3" to be ascertained after reasonable discovery. Additionally, "the administration of medication" fails to, by itself, articulate a violation of the constitution. *See also Estate of Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995) (suit

naming "various other John Does to be named when identified" not permissible). As a result, these individuals must be dismissed at the present time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Paul Jones, Michael Hakala, Dana Nix Degen, and Larry Roussin, in their individual capacities. These defendants, who are employees of Corizon, Inc., shall be served according to the agreement the Court maintains relative to service on Corizon, Inc. employees.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Paul Jones, Michael Hakala, Dana Nix Degen, and Larry Roussin shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Corizon, Inc., George A. Lombardi, Ian Wallace and

Pat Roes 1-3, because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall add defendants Dana Nix Degen and Larry Roussin to the docket as defendants in this action.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 10th day of July, 2015.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE