UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| MICHAEL L. ARNOLD, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) Case No. 1:15-cv-62 SNLJ |
| CORIZON, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motion to appoint counsel (#3) and "motion to disclose for joinder of additional parties or amendment of pleadings" (#17).

Plaintiff requests counsel because he says he has no knowledge of the law or how to litigate a claim and because he is not permitted to seek help from other inmates. Plaintiff says he lost his last case before this court, No. 1:13-cv-121 SNLJ, because he was not appointed an attorney. That case, however, was dismissed for failure to exhaust administrative remedies. Plaintiff claims he has since exhausted his administrative remedies, and the present case is a refiling of the same claims at issue in 1:13cv121.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Dept. of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). The standard for appointment of counsel in

1

a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Stevens*, 146 F.3d. at 546; *Edgington*, 52 F.3d. at 780; *Natchigall v. Class*, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The plaintiff appears able to litigate this matter. This action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. The Court will continue to monitor the progress of this case, and if it appears to this Court that the need arises for counsel to be appointed, the Court will do so.

As for plaintiff's "motion to disclose for joinder of additional parties or amendment of pleadings" (#17), that document appears to contain disclosures required by the Case Management Order for this case and to reiterate the deadlines set forth by that Order. Because the "motion" seeks no relief, it will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to appoint counsel (#3) is DENIED without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's "motion to disclose for joinder of additional parties or amendment of pleadings" (#17) is DENIED as moot.

Dated this  5th  day of October, 2015.

---

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE