# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL L. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-62 SNLJ |
| | ) | |
| CORIZON, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Plaintiff, a prisoner at Southeast Correctional Center ("SECC") in Charleston, Missouri, filed this 42 U.S.C. § 1983 lawsuit alleging violations of his constitutional rights against defendants Corizon Medical Services ("Corizon"), Dr. Michael Hakala, Dana Degen, Dr. Paul Jones, and Lawrence Roussin, R.N. ("Corizon Defendants"). Plaintiff's complaints arise from treatment of a kidney stone and subsequent infection that resulted in a hospital stay. Plaintiff contends that defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment to the United States Constitution. Defendants have moved for summary judgment (#19) because they contend plaintiff failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act of 1996 ("PLRA").

1

I.  **Factual Background**

The facts of this matter are uncontested except where indicated. Plaintiff filed a complaint based on the same facts in 2013 (Case No. 1:13cv121). Defendants were granted summary judgment based on plaintiff's failure to exhaust his administrative remedies. Because the facts are the same (appearing nearly identically in both complaints), the Court will recite the facts as set forth in the 2013 summary judgment memorandum and order:

> The events alleged in the complaint begin on January 26, 2013, when plaintiff alleges he started to pass a kidney stone. He saw Dr. Jones for an endocrinology and cardiovascular chronic care appointment, during which he reported he was not feeling well and was passing a kidney stone. Plaintiff says Dr. Jones did nothing. Plaintiff then saw Nurse Dana Degen at approximately 10:30 p.m.. Plaintiff alleges that Nurse Degen told a corrections officer that the officer could not call a "Code 16," so plaintiff was forced to "self-declare" and walked to medical in extreme pain. Plaintiff contends that Nurse Degen gave him Ibuprofen and told him to return to his cell. Plaintiff alleges that on the afternoon of January 27, 2013, a "Code 16" was called and he was seen by medical and sent to the hospital where he was septic with low blood pressure, a high white blood cell count, and pneumonia. Plaintiff alleges he was discharged from the hospital on February 4, 2013. He still had not passed the kidney stone, and he had a catheter and drain tube and a PIC line in his right arm. Plaintiff alleges he saw Dr. Hakala on February 22, 2013 for complaints of pain and requested to be returned to the hospital, but Dr. Hakala denied Plaintiff's request and refused to assist him with a dirty catheter or to provide antibiotics. Plaintiff alleges he tested positive for an infection on March 9, 2013 and was given antibiotics. Then, he says he saw Dr. West on March 18, and Dr. West removed the kidney stone, drain tube, and catheter, and he installed a stent between plaintiff's bladder and left kidney. Plaintiff says that Dr. West told him that the PIC line would have to be removed by the person who inserted it, but, instead, Nurse Roussin removed the PIC line. Later, on March 20, plaintiff saw Dr. Hakala for pain, but Dr. Hakala would give him nothing stronger than Tylenol, which plaintiff said was insufficient. On March 25, plaintiff attempted to pick up a prescription, but that it was not given to him for three days, and he suffered painful urination during that time without the medication. Finally, plaintiff alleged that in May 2013 he was

> diagnosed with an infection caused by his kidney stone. The doctor
> allegedly told plaintiff he had not previously been on antibiotics long
> enough to kill the particular strand of bacteria. One week later, plaintiff's
> urine test results were negative for infection. However, on May 23, 2013,
> plaintiff went to medical after he began to shake uncontrollably and
> suffered chest pains, at which time his culture was positive for infection
> and he was started on IV antibiotics. Plaintiff alleges there were some
> issues with the IV working, but on May 30, Nurse Roussin put in an IV that
> worked and tested a new sample of plaintiff's urine showing no problems.
> The IV was removed, and plaintiff was returned to his housing unit.

(Case No. 1:13cv121, Dkt. #46.)

Prisoners incarcerated at SECC are subject to the Missouri Department of Corrections ("MDOC") Grievance Procedure, which provides that a prisoner must file an Informal Resolution Request ("IRR") within 15 days of an alleged incident. If an inmate is unsatisfied with the IRR response, he may file an Offender Grievance within seven calendar days of his receipt of the IRR response. If an inmate wishes to appeal the grievance response, he must then submit an Inmate Grievance Appeal within seven calendar days.

Here, plaintiff filed an IRR on March 21, 2013. The IRR was directed only at defendant Dana Degen and stated that plaintiff received ineffective medical treatment from Degen on January 26, 2013. Plaintiff stated at the end of his IRR that it was delayed "because of possible retaliation while [he] was in TCU." The IRR response stated that his IRR had been filed outside the 15-day deadline and was therefore denied. Plaintiff filed a Grievance and Grievance Appeal thereafter, and each was denied due to his untimely filing of the IRR. Plaintiff filed this lawsuit, and defendants have moved for summary judgment based on plaintiff's failure to exhaust his administrative remedies.

3

**II. Discussion**

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The PLRA "requires immediate dismissal of all claims brought by inmates with respect to prison conditions . . . under 42 U.S.C. § 1983...until 'such administrative remedies as are available are exhausted.'" *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing 42 U.S.C. § 1997e(a)). The Missouri Department of Corrections ("MDOC") has developed an administrative grievance procedure for inmates to internally grieve complaints against MDOC and its staff; the procedure requires that the inmate file an informal resolution request ("IRR"), an inmate grievance, and, finally, an inmate grievance appeal. *See Foulk v. Charrier*, 262 F.3d 687, 694 (8th Cir. 2001); *Dashley v. Corr. Med. Serv.*, 345 F. Supp. 2d 1018, 1022-23 (E.D. Mo. 2004). Not only is the inmate required to exhaust the administrative remedies available to him under PLRA, but he is required to properly exhaust those administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Plaintiff claims that the defendants' course of conduct violated his constitutional rights. However, as this Court held in plaintiff's first lawsuit, plaintiff's complaint ultimately fails again because he failed to exhaust his administrative remedies prior to initiating his lawsuit, as required by 42 U.S.C. § 1997e(a).

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section

4

> 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.

*Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). The record --- which plaintiff here does not dispute --- shows that plaintiff filed just one grievance at SECC. Plaintiff filed an IRR on March 21, 2013 complaining that he had received inadequate medical treatment from Dana Nix (now Degen) on January 26, 2013. Pursuant to the MDOC grievance procedure, any offender who wishes to file an IRR must do so within 15 days from the alleged incident. Plaintiff's IRR was denied because it was not timely filed. Plaintiff again admits this point in his complaint, but he states that his failure to file within 15 days should be excused because (1) he was in the hospital where he could not file grievances, and (2) he feared retaliation from medical staff if he complained. Plaintiff was hospitalized January 27 and discharged February 4. The 15-day deadline to file an IRR for events occurring January 26 would have been February 10 --- plaintiff had been back at SECC for six days by then, thus he was not in the hospital for the duration of the 15-day filing period. Plaintiff offers no explanation for why or how he feared retaliation from medical staff for filing an IRR. Furthermore, plaintiff failed to file any IRR against any of the other defendants in this case --- rather, his one and only IRR focuses solely on the January 26 events and the actions of Nurse Degen.

Plaintiff states that he was denied medication that alleviated his painful urination symptoms after he turned in his IRR. He does not state that he was denied the medication in retaliation for filing the IRR, however, and he does not allege that defendant Degen

was responsible for the alleged denial of the medication. Furthermore, although plaintiff surely had grounds to file additional IRRs complaining of treatment (such as the medication deprivation and other allegedly unsatisfactory encounters with staff), plaintiff filed nothing --- even after his kidney stone was resolved and he was returned to the general population.

Unlike in plaintiff's earlier case, which was filed before the grievance process was completed, plaintiff filed this lawsuit after completing the grievance process. *See Jones v. Bock*, 549 U.S. 199, 204 (2007). However, the law requires that prisoners properly exhaust their administrative remedies, *Woodford*, 548 U.S. at 93, and plaintiff did not do so here. Plaintiff's sole IRR was against one defendant --- Nurse Degen --- only, and it was filed out of time. Plaintiff failed to file IRRs against any of the other defendants. Defendants have established that there is no disputed issue of material fact, and that they are entitled to dismissal of plaintiff's claims in accordance with the PLRA's exhaustion requirement. The defendants' motion will therefore be granted.

## III.   Plaintiff's Motions

Plaintiff seeks appointment of counsel and a response to some questions he poses in Documents #22 and #23. Plaintiff states that the individual helping him with his lawsuit has been put in administrative segregation and that plaintiff could not adequately represent himself. However, plaintiff's case is straightforward, and plaintiff shows himself to be articulate and able to express himself. The motions are denied for the same

reasons plaintiff's earlier motion for appointment of counsel was denied in the Order dated October 5, 2015 (#18).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment (#19) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motions (#22, #23) are **DENIED**.

Dated this __10th__ day of February, 2016.

                                          STEPHEN N. LIMBAUGH, JR.
                                          UNITED STATES DISTRICT JUDGE